## Levi W. Sholty et al., Commissioners of Highways, v. Daniel B. Stewart.

1. ROAD—*jurisdiction of commissioners to open, of less than sixty feet in width.* A petition for a road of less than sixty feet in width must be signed by a majority of the landowners residing along the line of the proposed road, and in the absence of such a petition the commissioners are without jurisdiction to act.

2. INJUNCTION—*when lies to restrain opening of road.* Injunction lies at the instance of the owner of land sought to be taken to restrain highway commissioners from undertaking to open a road where the petition therefor does not confer jurisdiction.

Bill for injunction. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

EDWARD PEIRCE, for appellants.

KERRICK & BRACKEN and MILES K. YOUNG, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a bill by appellee, the owner of the land sought to be taken, against appellants, as commissioners of highways, by which it is sought perpetually to enjoin them from opening or taking further steps to open a certain public road laid out and established by order of said commissioners, under the statute relating to the laying out and opening of public roads, in counties under township organization. Upon a hearing upon the bill, together with certain plats accompanying

the same, and the affirmation of the complainant, the chancellor held that appellants were without jurisdiction to lay out the road less than sixty feet in width, and granted a temporary injunction in accordance with the prayer of the bill. To reverse such interlocutory order this appeal is prosecuted.

The bill sets out a part of the proceedings before the commissioners which disclose that the road as petitioned for, and attempted to be laid out and established, was but forty feet in width and less than two miles in length. It is then averred that the commissioners were without jurisdiction to lay out the road under sixty feet in width unless a lesser width was petitioned for by a majority of the landowners living along the line of the proposed road; that there were no landowners living along such road and that in consequence no such petition was presented, and the commissioners were therefore without jurisdiction in the premises and their action void. Other grounds for the relief sought were averred in the bill which it will be unnecessary to consider. It is admitted that the foregoing averments of the bill are true, but it is contended by appellants that their action was warranted by section 30 of the Act of June 23, 1883, as amended by the Act of June 7, 1897, under which the road in question was laid out and established, which reads as follows:

"All public roads established under this Act shall be of the width of sixty (60) feet: Provided, that on petition for a new road, that if a majority of the landowners living along the line of said road, sign a petition for a less width than sixty (60) feet, then the highway commissioners may, when the interests of the public permit, authorize and lay out said road of a width not less than forty (40) feet; and roads called public and private may be of the width in this Act provided." Rev. Stat. 1905, 1728.

They insist that this section authorizes them to lay out a public road under sixty, and not less than forty feet in width: first, when a new road of such less

width was petitioned for, as in this case; and second, when a greater width than forty feet was petitioned for and a majority of the owners of the land to be taken petitioned for such less width.

They also contend that the proviso contained in section 65 of the Act of April 11, 1873, as amended by the Act of March 26, 1874, has never been repealed; and that by it, also, they were authorized to grant the prayer of the petition and establish the road in question of the width of forty feet, because that width was prayed for in the petition and the road was under two miles in length. The section in question reads as follows:

"All public highways laid out by order of the commissioners of highways, or supervisors on appeal, shall be not less than fifty (50) feet wide nor more than sixty (60) feet wide: Provided, the commissioners may lay out roads not less than forty (40) feet wide nor more than sixty (60) feet wide, when so prayed for by the petitioners if such road does not exceed two miles in length." Laws of 1873-4, page 136.

We are unable to give to section 30, *supra,* the meaning placed upon it by counsel for appellants, which he attempts to support and justify by elaborate, intricate and somewhat ingenious argument and reasoning. The language used seems to be so clear and unequivocal as not to require judicial construction. The plain and natural import of the words employed is that a petition for a road of less than sixty feet in width must be signed by a majority of the landowners residing along the line of the proposed road, and that in the absence of such petition the commissioners are without jurisdiction to act. Any other construction would seem to be wholly unwarranted.

We are further of opinion that section 65 of the Act of 1873 as amended, above quoted, is no longer in force, and therefore cannot be properly read into or considered as modifying or restricting the terms of

the existing statute upon the question. An examination of the Acts of 1873, 1879 and 1883 discloses that each of them fully covered the subject of roads and bridges and was obviously intended to be a complete revision of the law relating thereto. The adoption of each successive act thereby operated to repeal all former legislation upon the subjects embraced therein.

The commissioners clearly had no jurisdiction to establish the road here in question, and the order restraining them from so doing was properly entered.

*Affirmed.*